Thank you, Your Honor. May it please the Court, again I apologize for my incompetence in that respect. Your Honor, I represent Wysingo Turner. This is an appeal from the District Court's denial of his habeas petition. As Judge Flown noted, this is an issue involving Second Amendment rights. It is our position that Mr. Turner, who possessed an FOID card, was someone who could be... Who possessed a what? He possessed an Illinois Firearms Identification Card. Please use real words. We are not specialists. Absolutely. He was a lawful gun owner under Illinois law, and he was charged with murder. The issue that came up during his trial was that he was cross-examined as to why he was carrying a loaded gun. Now, he had introduced the fact that he was carrying the gun. That wasn't an issue. Everybody knew he was carrying the gun. He had used the gun. But what the and argued to the jury was that he was a bad person because he was violating then-current Illinois law by carrying the gun in his car, loaded, and had done so on numerous occasions because he was Wysingo Turner and he could ignore the law. So that was the issue. That was objected to, and it was fully preserved in the Illinois courts. Now the habeas question divides itself into two parts. The first question, general question, is whether the... There's an EDPA bar, or EDPA definition. Excuse me. Yes. Can you please use real words instead of initialisms? I'm sorry. The issue here is whether federal review under habeas is barred by federal law because the Illinois appellate court did not violate clearly established federal law or made an unreasonable application of it. So as Your Honor is aware, there's a very high standard for establishing that there's a violation on state court on habeas review. However, that standard is made in this case for two reasons. First of all, the Illinois court acknowledged and did not dispute that there was a clearly established right to carry a firearm outside the home. That had been established by Aguilar, and Aguilar had followed the U.S. Supreme Court's interpretation in Heller and McDonald, particularly McDonald, which made it quite clear that the right to bear firearms exists both inside the home and outside the home. However, the next step in the analysis was whether the... Whether indicting or attacking Mr. Turner for carrying a gun around with him and doing an illegal thing violated his Second Amendment rights under Dawson versus Delaware, which said that you can't introduce irrelevant evidence in violation of a constitutional right without violating the Constitution. Now, the problem with the Illinois state court's analysis was that instead of confronting that issue, they ignored it. Instead of dealing with whether the prosecutor's cross-examination argument was right or wrong, instead, what the Illinois appellate court said was, oh, after all, it was okay to introduce the gun. Of course, it was okay to introduce the fact of the gun. That was introduced by the defendant himself, and nobody disputed it. The issue was whether it was okay to cross-examine him about the legality and to argue the legality as an argument to convict him. And those things it was not right to do, and no fair-minded jurist could view the Illinois appellate court's decision and agree that the Illinois appellate court had made a reasonable application of either Heller, McDonald, or Dawson versus Delaware. No fair-minded jurist? Have you run any...